Opinion filed August 7, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 7,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00053-CR 

                                                     __________

 

                          JONATHAN
WELDON WOMACK, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court 

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR18585

 



 

                                             M
E M O R A N D U M   O P I N I O N

Jonathan
Weldon Womack was indicted for sexual assault. Womack entered an open plea. 
The trial court convicted appellant and assessed his punishment at confinement
for fifteen years.  He challenges this sentence with a single issue, contending
that his trial counsel was constitutionally ineffective for not objecting to
evidence offered in the punishment hearing that he was in arrears on child
support.  We affirm.








At
the beginning of the punishment hearing, trial counsel advised the court that
he was asking the court to order Aa
form of probation.@ 
The trial court then heard evidence.  That evidence established that Womack
moved in with the minor victim and her mother when the victim was fifteen years
old and he was thirty-nine.  Soon after this, Womack began having unprotected
sex with the victim twice a week for several months until he was arrested.  The
victim became pregnant and had given birth by the time of the sentencing
hearing.  She could not say positively that Womack was the father because she
had also been sexually assaulted by her mother=s
boyfriend.  The victim testified that she needed help taking care of the child
and that Womack planned to help her.  Womack had three other children who were
eighteen, fourteen, and eleven years old.  The victim conceded that Womack=s relationship with these
children was not very good.

Detective
Lana Guthrie was the investigating officer.  She testified that, based upon her
interviews and Womack=s
letters to the victim from jail, there was no doubt in her mind that Womack=s relationship with the
victim would continue if he was released.  She also testified that the victim
believed Womack would help take care of the child but that in her opinion this
was unlikely because he was not providing support for his other children. 
According to Detective Guthrie, Womack owed approximately $23,000 in past-due
child support. 

Womack
testified and disputed Detective Guthrie=s
characterization of his relationship with his children.  He acknowledged being
behind on his child support payments but testified that he had paid support in
the past and attributed part of his arrearage to being unable to make support
payments when he was in prison for two years on a prior conviction.  He also
testified that he had a typical father/daughter relationship with his youngest
child and that he talked to his two sons.  Womack told the trial court that if
placed on probation he would take responsibility for the victim=s child and that his job as
a roofer would allow him to do so.  He also told the court that he could be
believed because he was forty years old and had finally reached a breaking
point.  During closing, trial counsel asked the court to give Womack a probated
sentence to provide him with an opportunity to prove that he could do something
right.








To
determine if trial counsel rendered ineffective assistance, we must first
determine whether Womack has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984).  We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
Womack must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  An allegation of
ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s
representation was so deficient and so lacking as to overcome the presumption
that counsel=s
representation was reasonable and professional.  Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).  Rarely will the record on direct
appeal contain sufficient information to permit a reviewing court to fairly
evaluate the merits of such a serious allegation.  Id.  Womack
criticizes his counsel=s
failure to object to Detective Guthrie=s
past-due child support testimony, but any objection would have been pointless
because the door had been previously opened with the victim=s testimony that Womack
intended to help take care of the child.[1] 
Counsel cannot be found ineffective for failing to make an objection unless the
record establishes that an objection would have been successful.  See
Cedillos v. State, 250 S.W.3d 145, 154 (Tex. App.CEastland 2008, no pet.) (Because the record
did not show why the defendant was shackled, the court could not conclude that
counsel was ineffective for failing to object to the use of restraints.). 
Accordingly, the issue is perhaps better phrased by asking if counsel was ineffective
for utilizing a strategy that made his child support arrearage relevant.

Counsel=s
intention was to avoid imprisonment.  This is a reasonable goal but, under the
facts of this case, was a difficult task to achieve.  Counsel knew that Womack
had a prior felony conviction for theft, that he received a probated sentence,
and that his community supervision was revoked for driving while intoxicated
and for violating a number of conditions of community supervision.  Womack
confessed to having an extended sexual relationship with a minor less than half
his age, and both he and the minor fully intended to continue that relationship
if he was released from jail. Counsel could reasonably infer that the trial
court would be concerned about this and, therefore, that he needed to show the
court that the benefits of community supervision would outweigh its possible
costs.  








Counsel
could reasonably conclude that Womack=s
ability and willingness to support the child financially would address the
court=s concerns
because the child needed the support and because it also demonstrated Womack=s acceptance of
responsibility.  The victim was sixteen years old at the time of the hearing
and was in high school.  Her child was two months old, and she was living with
her mother and a brother and a sister.  Her plan for taking care of the child
was to do the best she could.  There is no reason to doubt the victim=s sincerity, but the best a
high school student living at home with a single mother and two other siblings
can do to provide for the care of a newborn is limited.  Womack=s salary would have
certainly improved the child=s
financial resources, but his intention to provide financial support necessarily
opened the door to testimony about his past child support experience.  However,
we cannot say that this evidence was any more prejudicial than the testimony
that counsel knew would come in, and, without it, there is little in the record
to support a request for probation.

Because
counsel could reasonably conclude that evidence of Womack=s ability and willingness
to provide financial support would promote his request for community
supervision, he was not constitutionally ineffective for following a strategy
that made Womack=s
prior child support payment history admissible.  Womack=s issue is overruled.

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

August 7, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We need not decide if the arrearage testimony was
otherwise admissible under Tex. Code
Crim. Proc. Ann. art. 37.07, '
3(a)(1) (Vernon Supp. 2007) and express no opinion on this issue.